IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOEL McPHERSON | § | |
| | § | |
| VS. | § | CIVIL ACTION: 5:12-cv-00851 |
| | § | Jury Trial |
| ELITE COMMUNICATION SERVICES, | § | |
| INC., and BOBBY LEE ZERINGUE | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, JOEL McPHERSON, files this his Original Complaint complaining of Defendants, ELITE COMMUNICATION SERVICES., INC., and BOBBY LEE ZERINGUE, and in support of such Complaint, would respectfully show the Court as follows:

### A. PARTIES

1. Plaintiff, JOEL McPHERSON, is a citizen of the State of Texas, residing in Carthage, Panola County, Texas.

2. Defendant, ELITE COMMUNICATION SERVICES, INC., (hereinafter referred to as "ELITE") is a foreign corporation, organized and existing under the laws of the State of Louisiana and authorized to do business in the State of Texas. It may be served with process by serving its registered agent for service, Steven G. Durio, 220 Heymann Blvd., Lafayette, Louisiana 70503.

3. Defendant, BOBBY LEE ZERINGUE, (hereinafter referred to as "ZERINGUE") is a citizen of the State of Louisiana, residing at 1012 Toby Road, Arnaudville, LA 70512, where he may be served with process.

### B. JURISDICTION AND VENUE

4. This Court has jurisdiction of the claim pursuant to *28 U.S.C. 1332(a)* because a complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00.

5.     This Court has venue of Plaintiff's complaint pursuant to *28 U.S.C. 1391(a)(2)* because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas, San Antonio Division.

### C. FACTS

6.     This lawsuit results from a collision that occurred on March 24, 2012, in Wilson County, Texas. On that date, Plaintiff JOEL McPHERSON was operating his motorcycle southbound on U.S. Highway 87 in a safe, reasonable, and lawful manner. At that time, Defendant ZERINGUE, who was operating a commercial vehicle belonging to Defendant ELITE, was traveling northbound on U.S. 87 when he turned into a crossover to cross onto S.H. 97 and failed to yield the right-of-way at the stop sign at the cross over, causing him to strike Plaintiff's motorcycle and eject him therefrom. The collision was proximately caused by the negligence of Defendant ZERINGUE and resulted in injuries and damages sustained by Plaintiff.

### D. NEGLIGENCE OF DEFENDANT BOBBY LEE ZERINGUE

7.     Defendant ZERINGUE was negligent at the time and place in question and such negligence was the proximate cause of the collision. The acts of negligence of Defendant ZERINGUE include, but are not limited to, the following:

- a. Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
- b. Failing to make a timely and proper application of brakes in order to avoid the collision in question;
- c. Failing to keep a proper lookout;
- d. Failing to pay that degree of attention that a person using ordinary prudence would have used under the circumstances;
- e. Failing to turn his vehicle to the right or left in an effort to avoid the collision in question;
- f. Failing to operate the truck in accordance with State Statutes and Regulations;
- g. Failing to take such evasive action as a person using ordinary care would have taken to avoid the collision in question;

      h.      Failing to control his speed;

      i.      Driving the vehicle without regard for the safety and welfare of other persons or property as an ordinarily prudent person would have under the same or similar circumstances;

      j.      Driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of Tex. Transp. Code § 545.401;

      k.      Driving at an unsafe and unreasonable rate of speed under the circumstances; and

      l.      Failing to stop at and obey a lawfully posted "stop" sign.

8.      Each and all of the acts and omissions, singularly or in combination with others, constitute negligence and/or negligence *per se*, which proximately caused the occurrence made the basis of this action, directly resulting in the injuries and damages to Plaintiff.

### E. LIABILITY OF DEFENDANT ELITE COMMUNICATION SERVICES, INC.

9.      At all times relevant hereto, Defendant ZERINGUE was an employee of ELITE and was acting within the course and scope of his employment. At the time of the collision in question, he was operating a vehicle owned by Defendant ELITE with said Defendant's knowledge and consent. Therefore, pursuant to Texas law, the negligence of Defendant ZERINGUE is imputed to the Defendant ELITE under the legal doctrine of *respondeat superior*.

10.      On the occasion in question, Defendant ELITE entrusted the vehicle in question to Defendant ZERINGUE for the purpose of operating it on the public streets and highways and Defendant ZERINGUE was operating it with the knowledge and consent of said Defendant. At such time, Defendant ZERINGUE was incompetent and unfit to safely operate a motor vehicle on the public streets and highways and said Defendant knew, or in the exercise of due care should have known, that Defendant ZERINGUE was an incompetent, unsafe and unfit driver and would create an unreasonable risk of danger to the traveling public. Said negligent entrustment by Defendant ELITE was a proximate cause of the collision in question and the resulting injuries and damages sustained by Plaintiff.

## F. Damages

11. As a direct and proximate result of the negligent conduct of the Defendants and the subject collision, Plaintiff sustained serious and permanently disabling injuries to his legs, ribs, left heel, back and body generally. As a result of these injuries, he has suffered the following damages:

   a. Physical pain and mental anguish in the past and future;

   b. Lost wages and loss of earning capacity in the past and future;

   c. Physical and mental impairment in the past and future;

   d. Medical expenses in the past and future; and

   e. Disfigurement in the past and future.

12. Plaintiff JOEL McPHERSON sues for damages to fairly, reasonably, and adequately compensate him for his injuries and losses, all in an amount in excess of the minimum jurisdictional limits of this Court.

13. Plaintiff seeks pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

## G. Prayer

PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer and that upon final hearing Plaintiff recover his damages herein, together with pre-judgment and post-judgment interest as allowed by law, costs of court, and such other relief as the Court may deem appropriate.

Respectfully submitted,

SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
P. O. Drawer 2909
101 E. Whaley
Longview, Texas 75606
Phone:  (903) 757-7000
Fax    :  (903) 757-7574
gap@sloanfirm.com

BY: _____
GLENN A. PERRY
State Bar No.  15801500

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY**